## PHŒNIX JOINT STOCK LAND BANK OF KANSAS CITY v. LEDWIDGE
### (two cases).
### Nos. 10633, 10652.
Circuit Court of Appeals, Eighth Circuit.
Nov. 5, 1936.

356

John F. Reinhardt, of Kansas City, Mo., for appellant.

Before GARDNER, SANBORN, and FARIS, Circuit Judges.

SANBORN, Circuit Judge.

These are appeals in a bankruptcy proceeding. No. 10652 was allowed by the court below, and No. 10633 by this court. They were from the same order and were consolidated.

The events which led up to the order appealed from commenced on April 1, 1935, when John P. Ledwidge, a Missouri farmer, hereinafter referred to as "the debtor," filed his petition for agricultural composition and extension under section 75 of the Bankruptcy Act as added by the Act of March 3, 1933, 47 Stat. 1470. The proceeding instituted by that petition was known in the court below as cause No. 3728. Included in the debtor's schedules was a 287.8-acre tract of farm land located in Platte county, Mo., which was subject to a deed of trust mortgaging the land to the Kansas City Joint Stock Land Bank, and assigned by that bank to the appellant, which will be referred to as "the bank." The petition was approved as properly filed and was referred to the Conciliation Commissioner.

The bank refused to approve the debtor's offer of composition, and on August 20, 1935, petitioned the court below to dismiss the proceeding in so far as it affected the bank, and to grant to the bank leave to foreclose its deed of trust. On the same day the court ordered the proceeding dismissed and granted to the bank leave to foreclose.

On October 19, 1935, the debtor, with leave of court, filed his amended petition, in which he prayed that he be adjudged a bankrupt under subsection (s) of section 75 of the Bankruptcy Act, as amended by Act of August 28, 1935, § 6, 49 Stat. 942 (11 U.S. C.A. § 203 (s), and that he be allowed to retain possession of all of his property, including that covered by the bank's trust deed, as provided in that subsection. The cause was again referred to the Conciliation Commissioner on October 22, 1935.

The bank, on October 26, 1935, filed its petition to dismiss the debtor's amended petition, on the ground, among others, that it (the bank), having already published notice of foreclosure sale, had acquired a vested right under the order of August 20, 1935, granting it leave to foreclose.

The debtor's amended petition was dismissed on November 2, 1935, the court below being of the opinion that the provisions of amended subsection (s), requiring reinstatement of any proceeding which had been brought under the original Frazier-Lemke Act (section 75 of the Bankruptcy Act as it existed at the time the debtor's first petition was filed) and dismissed because of the unconstitutionality of the earlier statute, were inapplicable to a situation in which there had been a final order of dismissal as to a secured creditor, as a result of which order the creditor had incurred expense and assumed obligations and would therefore be prejudiced by the reinstatement or the filing of an amended petition.

On November 4, 1935, at 10 o'clock a. m., the debtor commenced a new proceeding (cause No. 3834) in the court below by filing another petition for agricultural composition and extension under section 75 of the Bankruptcy Act, as amended August 28, 1935 (11 U.S.C.A. § 203). It is to be noted that the original petition in cause No. 3728 and the new petition in cause No. 3834, while in terms brought under section 75, are under subsections (a) to (r) of that section, and that a debtor could bring himself under the provisions of subsection (s) and be adjudicated a bankrupt only by amending his petition in the event his proposal of composition and extension failed. The schedules attached to the new petition again listed the land covered by the bank's trust deed. Upon the same day that the new petition was filed, the land was sold under foreclosure and bid in by the bank.

The new petition was approved as properly filed, and referred to the Conciliation Commissioner. The bank applied to the court below for an order dismissing the petition in the new proceeding in so far as it affected the bank and the real estate sold at foreclosure sale. The court denied the

bank's application, and these appeals followed.

While the decision of this court in United States Nat. Bank of Omaha, Neb., v. Pamp, 83 F.(2d) 493, (filed subsequent to the order here appealed from) holding subsection (s) unconstitutional, does not cover the precise questions raised by the bank in the case at bar, because the debtor in this case had not proceeded to his remedy under that subsection, it is obvious from the fact that the bank refused to approve the composition offered by the debtor in cause No. 3728, that the only possible relief he could hope to obtain through the new proceeding was ultimately to bring himself under subsection (s). The debtor's original petition in cause No. 3728 and his petition in the new proceeding, cause No. 3834, were substantially identical. No basis for any belief on the part of the debtor that another proposal of composition and extension would be more favorably received by the bank existed, and the bank has specifically denied that it will accept any such proposal. The reason for instituting the new proceeding was obviously to take advantage of the amendment of August 28, 1935, which substituted a new subsection (s) for the one declared unconstitutional by the Supreme Court in Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106. The new petition was obviously filed under section 75 (a) to (r) merely as a condition precedent to an amended petition under subsection (s). The court below expressed the opinion that the amendment of August 28, 1935, was constitutional and that the debtor had the right to file his last petition in order to take advantage of that amendment.

The decision of this court in the Pamp Case prevents the debtor from successfully proceeding to any remedy under subsection (s). He had the opportunity in his first proceeding, cause No. 3728, to secure a composition under subsections (a) to (r), and failed. Every valid remedy available to him under section 75 was available to him in that proceeding. The court below dismissed cause No. 3728 and granted leave to the bank to foreclose. The bank has foreclosed and had virtually completed its foreclosure at the time the debtor's last petition was filed. Our conclusion is that the bank was entitled to an order dismissing the debtor's petition.

The order appealed from is reversed, and the court below is directed to dismiss the debtor's petition in so far as it affects the bank and its rights in and to the real estate under the trust deed and the foreclosure thereof.